FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JAN 17 2013 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------x

COLONEL MAURICE MAYNARD MEYERS,

                Plaintiff,

- against -

STATE OF NEW YORK ATTORNEY GENERAL;
CITY OF NEW YORK; THE HEALTH AND
HOSPITALS CORP.; DR. RICHARD KINYAMU,
Acting Director of Adult Inpatient Services;
DR. NARASIMHAN NARASINHAN,

                Defendants.[1]

------------------------------------------------------------x

NOT FOR PRINT OR
ELECTRONIC PUBLICATION
**MEMORANDUM & ORDER**
12-CV-04450 (CBA) (LB)

AMON, Chief United States District Judge.

On September 4, 2012, plaintiff Colonel Maurice Maynard Meyers, confined at Kings County Hospital Center, filed the instant pro se "Application Writ of Habeas Corpus" seeking "an injunction against medication over objection" and "punitive damages-total over $900 million U.S. dollars." (DE #1.) Since filing this petition, Meyers has also submitted an "Additional Affirmation" with exhibits, which the Court construes as an Amended Complaint, several "Points and Authorities," two motions to appoint counsel, and other submissions, all of which the Court has reviewed for purposes of this Order. (DE #4-16.) Meyers requests to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a), an application the Court grants solely for the purpose of this Order. The Court liberally construes this submission as both an application for a writ of habeas corpus and a complaint pursuant to 42 U.S.C. § 1983. For the reasons discussed below, the Court: (1) denies Meyers's motions to appoint counsel, enjoin various policies and

---

[1] Meyers's petition lists only the Health and Hospitals Corporation in the caption, but both Meyers's request to proceed in forma pauperis and his motion for a "Federal Court Order" add the New York City Government and the Attorney General of the State of New York as additional defendants. The Amended Complaint also names two additional defendants. (DE #1, Ex. 1; DE #2.) A district court has the responsibility to construe the pleadings of a pro se litigant liberally, Erickson v. Pardus, 551 U.S. 89, 94 (2007), especially, where, as here, the plaintiff alleges civil rights violations, Sealed Plaintiff v. Sealed Defendant #1, 537 F.3d 185, 191-93 (2d Cir. 2008). Accordingly, all five parties have been listed in the caption.

1

conduct, and re-open prior actions; (2) affords Meyers thirty days to supplement his petition for a writ of habeas corpus; (3) dismisses his claim against the City of New York and his claim alleging violations of procedural due process; and (4) allows Meyers's remaining due process claim against the remaining defendants to proceed.

## BACKGROUND

### I. Meyers's September 4, 2012 Complaint

Meyers's initial submission has three components. The first is a one-page hand-written document designated in the caption "Application Writ of Habeas Corpus" and "Injunction Against Medication over Objection," to which the Court's April 16, 2012 Order from Meyers v. The Health and Hospitals Corp., 09-CV-1986, is attached. Insofar as it is legible, the document states in its entirety:

> Please examine medical record.
> Interview hospital administration.
> A. Night Nurse Supervisor- Ms. Tobias
> B. Administrator Ms. Lisa Adams- 718-245-8929
> C. Dr. Mary Sorkum- psychologist- [indecipherable]
> Opinion evaluation background check [indecipherable]
> Nurse station 245-2231 phone. Dr. Mary Sorkum
> Please have psychiatrist Dr. Mohammed Islam
> placed under arrest. Other et al. conspiracy
> psychiatric malpractice et al. 09cv1986-reference- motion to open in conjunction
> new civil action
> Seeking Punitive Damages- Total over $900 Million U.S. Dollars

(DE #1.). The remaining two components of this submission are an additional hand-written document seeking a "Federal Court Order" and a request to proceed in forma pauperis.

To the extent that these documents are decipherable and comprehensible, it appears that Meyers has submitted a petition for a writ of habeas corpus seeking punitive damages of "over $900 Million U.S. Dollars," an injunction against forced medication, and the re-opening of his prior action, presumably his earlier challenge to the New York State Mental Hygiene Code in

2

Meyers v. The Health and Hospitals Corp., No. 09-CV-1986, a request this Court most recently denied in the April 16, 2012 Order that he attaches. Through his motion for a "Federal Court Order," Meyers also appears to seek an order barring the enforcement of the smoking ban in New York restaurants, jails, correctional facilities, parks and psychiatric hospitals.

## II. The Amended Complaint

In his Amended Complaint, Meyers adds two additional defendants, Dr. Richard Kinyamu, Acting Director of Adult Inpatient Services, and Dr. Narasimhan Narasimhan. The Amended Complaint (three hand-written pages and twenty pages of attachments) provides more factual background, largely through the attached state court orders regarding his Kings County hospitalization and involuntary medication.

Meyers was admitted as a patient to the psychiatric ward at Kings County hospital on August 15, 2012 on involuntary status. (Am. Compl. Attach. 2, Narasimhan Affirm. at 1.) By Petition dated August 23, 2012, authored by Dr. Kinyamu and supported by the affirmation of Dr. Narasimhan, the hospital sought an order from the Supreme Court of the State of New York, County of Kings, allowing the involuntary medication of Meyers. (Am. Compl. Attach. 2, Order to Show Cause, Mental Hygiene Unit No. 301533/12.) By Order dated August 28, 2012, the Kings County Supreme Court authorized involuntary medication of Meyers for "the duration of [Meyer's] involuntary commitment at the facility of 90 days, whichever is shorter." (Am. Compl. Attach. 1, Order Authorizing Medication Over Objection.)

Meyers alleges that no psychotropic medication was necessary because he was only at the Kings County hospital for medical treatment of his lower left leg. (Am. Compl. at 2.) He seeks an injunction against antipsychotic medicine administered over objection and damages of "900 million dollars." (Am. Compl. at 3.)

### III. Additional Submissions

In a submission filed on September 26, 2012, Meyers provides an address in Brooklyn as his mailing address and alleges that he has no psychosis, only insomnia and thus did not need the medication ordered by the state court. He alleges this pattern of involuntary hospitalization and involuntary medication over objection began with "Project 77," when he was hospitalized from August 28, 1977 to March 3, 1978. (DE #5.)

On October 22, 2012, Meyers submitted "Points and Authorities" in which he informs the Court that he was re-admitted to Kings County Hospital and that the physicians there were seeking to medicate him over objection. (DE #6.) Meyers's subsequently filed an application for the Court to request of counsel on November 1, 2012. (DE #7.)

On November 14, 2012, Meyers submitted three more documents: (1) another application for the Court to request counsel; (2) "Points and Authorities," a document comprised solely of October 2012 state court proceedings against Meyers to procure medication over objection; and (3) an additional handwritten "Points and Authorities" which, to the extent it is decipherable, raises issues with a type of medication and the involuntary hospitalization procedure in New York state. (DE #8-10.) These submissions were quickly followed by two additional "Points and authorities," filed on November 20, 2012. One document raises a number of seemingly unrelated points relating to the September 11, 2001 terrorist attacks, but also requests a $100 million payout for "social workers – other hospital personnel – whom participated in the release of Colonel Maurice Maynard Meyers" who will testify that he "needs no medication" and is a "normal individual." (DE #14.) The other contains one incomprehensible paragraph entitled "Points and Authorities." (DE # 13.)

On December 7, 2012, Meyers submitted an application "for Injunction for Transfer to Kingsboro Psychiatric Center/South Beach Psychiatric Center." The submission also makes an application for an "Injunction against medication over objection" and for a "Court Ordered Release." (DE #11.) Shortly after, on December 11, 2012, Meyers submitted another "Points and Authorities" comprised of one hand-written page containing the caption and a request for damages and a thirty-six page attachment concerning a matter utterly unrelated to his claims in this Court. (DE #12.) This was followed by two additional submissions, filed on December 26, 2012, seeking the cessation of medication over objection and attaching state court proceedings from November 13, 2012 granting the Kings County Hospital's petition to medicate Meyers over objection. (DE# 15-16.)

Finally, on January 9, 2013, Meyers submitted two additional documents. The first is a one-page document that purportedly provides some sort of notice to the Court. The second is a supplemental complaint seeking additional money damages. (DE #17-18.)

## STANDARD OF REVIEW

To avoid dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim will be considered plausible on its face "when the plaintiff pleads factual content that allows the court to draw reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Although "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do." Id. (quoting Twombly, 550 U.S. at 555). Similarly, a complaint is insufficient to state a claim "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 557).

Pro se complaints are held to less stringent standards than pleadings drafted by attorneys, and the court must construe a pro se litigant's pleadings liberally and interpret it as raising the strongest arguments they suggest. Erickson v. Pardus, 551 U.S. 89, 94 (2007); see also Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009). A pro se complaint, moreover, should not be dismissed without granting the plaintiff leave to amend "at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795 (2d Cir. 1999) (internal quotation marks and citation omitted). Under 28 U.S.C. § 1915(e)(2)(B), however, a district court shall dismiss an in forma pauperis action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

## DISCUSSION

### I. Denial of Meyers's Motions

To the extent that the notation in Meyers's complaint "09cv1986-reference- motion to open in conjunction new civil action" can be construed as a motion to re-open Meyers v. The Health and Hospitals Corp., 09-CV-1986 (CBA), it is denied. In its April 16, 2012 Order denying Meyers's "Motion to Reconsider [and] to Reopen Civil Lawsuit" in that earlier case, this Court noted that Meyers had not clarified his claims, articulated a basis for the Court's subject matter jurisdiction, or articulated why this Court would have the authority to order the relief that he seeks. The instant "motion" is no different.

Meyers's motion seeking a "Federal Court Order" enjoining the enforcement of the smoking ban in New York restaurants, jails, correctional facilities, parks and psychiatric hospitals is also denied. 28 U.S.C. § 1915 (e)(2)(B). Although he points out that "tobacco – in

itself [is] not dangerous" and that "in the psychiatric hospital – cigarettes act as medicine," Meyers fails to suggest any legal basis for his blanket request to enjoin enforcement of the smoking ban. Furthermore, even if the Court were to interpret Meyers's factual assertions as somehow articulating a constitutional challenge to the smoking ban, that claim would fail. NYC C.L.A.S.H., Inc. v. City of New York, 315 F. Supp. 2d 461 (S.D.N.Y. 2004) (rejecting claim seeking declaratory judgment that New York smoking bans violate various federal constitutional provisions and denying injunctive relief against enforcement of the bans).

Meyers's two applications for the Court to request pro bono counsel to represent Meyers are denied without prejudice. The Court finds that Meyers has not as of yet made the "threshold showing of some likelihood of merit" warranting a request for counsel. Cooper v. A. Sargenti Co., 877 F.2d 170, 174 (2d Cir. 1989). Meyers, however, may renew his application for counsel at a later date.

## II. Application for a Writ of Habeas Corpus

Meyers entitles his initial submission "Application Writ of Habeas Corpus," provides the address of the Kings County Hospital Center as his current address and states in his request to proceed in forma pauperis that he is "held-against-will" there. (DE #2 ¶ 8.) In his December 7, 2012 submission, moreover, Meyers makes an application for a "Court Ordered Release." When an individual challenges the fact or duration, not the conditions, of his involuntary or civil commitment to a psychiatric institution, petitioning for a writ of habeas corpus is the appropriate method. See Buthy v. Comm'r of Office of Mental Health of N.Y.S., 818 F.2d 1046, 1051-52 (2d Cir. 1987). The bulk of Meyers's many submissions, however, challenge his forced medication. In fact, aside from a few isolated statements indicating a desire to be released, Meyers provides no reason why the fact or duration of his detention at Kings County Hospital

Center is unlawful. Thus, to the extent that Meyers seeks to bring a petition for a writ of habeas corpus, he must within thirty (30) days from the date of this Order submit a supplement to his petition that indicates why his commitment is unlawful. If Meyers fails to supplement his petition with the thirty (30) days afforded, the Court will dismiss his petition.

### III. Complaint under 42 U.S.C. § 1983

Although Meyers's demand for an injunction against forced medication and damages are not properly considered within a habeas petition, a liberal construction of Meyers's submissions suggests that he may instead be seeking to set forth a complaint pursuant to 42 U.S.C. § 1983, alleging forced medication and challenging allegedly unconstitutional treatment decisions by doctors at the Kings County Hospital Center that violate due process. He seeks cessation of the medication over objection and damages.[2]

"Section 1983 itself creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere." Sykes v. James, 13 F.3d 515, 519 (2d Cir. 1993). Thus, in order to articulate a claim under 42 U.S.C. §1983, a plaintiff must allege that "[t]he conduct at issue 'must have been committed by a person acting under color of state law' and 'must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States.'" Cornejo v. Bell, 592 F.3d 121, 127 (2d Cir. 2010) (quoting Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994)).

---

[2] The Court notes that even if Meyers has been released from Kings County Hospital, because the conduct he complains of is "capable of repetition, yet evading review," his involuntary medication claim may not be rendered moot by his release. Weinstein v. Bradford, 423 U.S. 147, 149 (1975) (per curiam); see also Perry v. Speery, No. 72508, 1994 WL 646275 (Conn. Super. Nov. 9, 1994) (claim challenging administrative decision to administer involuntary medication to a patient being treated at a hospital specializing in mental illness was not rendered moot by patient's release because the case was "capable of repetition, yet evading review" under Connecticut law). A controversy is capable of repetition, yet evading review where "(1) the challenged action is in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subjected to the same action again." Id. Under such circumstances, review of the challenged action may continue despite the fact that the particular conduct at issue has ceased. Id.

### A. City of New York Dismissed

In order to sustain a claim for relief under 42 U.S.C. § 1983 against a municipal defendant such as the City of New York, a plaintiff must show the existence of an officially adopted policy or custom that caused the plaintiff's injury and a direct causal connection between that policy or custom and the deprivation of a constitutional right. See Bd. of County Comm'rs of Bryan County, Okl. v. Brown, 520 U.S. 397, 403-04 (1997) (citing Monell v. New York City Dep't of Social Servs., 436 U.S. 658 (1978)). "Proof of a single incident of unconstitutional activity is not sufficient to impose liability [on a municipality], unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy, which policy can be attributed to a municipal policymaker." City of Oklahoma City v. Tuttle, 471 U.S. 808, 823-24 (1985). Here, Meyers does not allege, and nothing in his complaint, amended complaint, or other submissions suggest, that any of the allegedly wrongful acts were attributable to a municipal policy or custom. Accordingly, there is no basis for suing the City of New York. The Court thus dismisses Meyers's § 1983 claim against the City of New York for failure to state a claim on which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(ii).

### B. Forced Medication

Meyers alleges that he has been involuntarily medicated with psychotropic drugs. The Fourteenth Amendment protects the right of a competent person to refuse unwanted medical treatment. See, e.g., Cruzan v. Director, Mo. Dep't of Health, 497 U.S. 261, 278 (1990) (recognizing "[t]he principle that a competent person has a constitutionally protected liberty interest in refusing unwanted medical treatment"). The Second Circuit has held, moreover, that

> "[i]t is a firmly established principle of the common law of New York that every individual of adult years and sound mind has a right to determine what shall be done with his own body and to control the course of his medical treatment." Such a right may be set aside only in narrow circumstances, including those where the

9

patient "presents a danger to himself or other members of society or engages in dangerous or potentially destructive conduct within the institution." Kulak v. City of New York, 88 F.3d 63, 74 (2d Cir. 1996) (quoting Rivers v. Katz, 67 N.Y.2d 485, 492, 495 (1986)); see also Project Release v. Prevost, 722 F.2d. 960, 978-80 (2d Cir. 1983)). This constitutionally protected liberty interest encompasses "'avoiding the unwanted administration of antipsychotic drugs.'" Graves v. MidHudson, No. CV-04-3957, 2006 WL 3103293, at *3 (E.D.N.Y. Nov. 2, 2006) (quoting Washington v. Harper, 494 U.S. 210, 221 (1990)); see also Fisk v. Letterman, 501 F. Supp. 2d 505, 524 (S.D.N.Y. 2007).

### 1. *Procedural Due Process*

Under New York law an adult has the right to refuse medical treatment except "in narrow circumstances." Kulak v. City of New York, 88 F.3d 63, 74 (2d Cir. 1996) (internal quotation marks omitted); see Jelich v. Hogan, No. 09 Civ 3278, 2009 WL 3497495, at *3 (E.D.N.Y. Oct. 27, 2009); Lombardo v. Stone, No. 99 CIV 4603, 2001 WL 940559, at *9 (S.D.N.Y. Aug. 20, 2001). To determine whether those "narrow circumstances" are present for purposes of administering antipsychotic medication without consent, an involuntarily admitted patient, such as Meyers, is entitled to administrative review of his objection, which includes review by the "head of the service" and subsequent appeals up the hospital hierarchy. See N.Y. Comp. Codes R. & Regs. tit. 14, § 27.8; see also Fisk, 501 F. Supp. 2d at 515. Following exhaustion of this administrative review, the patient is entitled to de novo judicial review, during which the basis for involuntary medication must be established by clear and convincing evidence. See Rivers, 67 N.Y.2d at 497; Jelich, 2009 WL 3497495, at *3; Fisk, 501 F. Supp. 2d at 515.

Meyers attaches to his amended complaint the order of the state court, which authorized the involuntary medication of Meyers following a court hearing. (See Am. Compl. Attach. 1, Order Authorizing Medication Over Objection.) As this state court order and the other

attachments to the Amended Complaint and later submissions make clear, defendants adhered to the procedural requirements under New York to administer antipsychotic medication to Meyers over his objection. (See, e.g., Am. Compl. Attach. 2.) As a result, the demands of procedural due process for involuntary medication have been met, and thus no claim under 42 U.S.C. § 1983 for a deprivation of procedural due process has been stated. See Fisk, 501 F. Supp. 2d at 526. Thus, the Court dismisses Meyers's § 1983 procedural due process claim for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

*2. Substantive Due Process*

The fact that procedural requirements have been followed does not, however, necessarily eliminate all constitutional concerns. Neither the Second Circuit nor the Supreme Court has articulated the constitutional standard for determining when a State may administer psychotropic drugs over the consent of an involuntarily committed patient without violating substantive due process. See Fisk, 501 F. Supp. 2d at 525; Graves, , 2006 WL 3103293, at *4. According to the New York Court of Appeals, the liberty interest at stake in medicating over the consent of involuntarily committed patients requires that "the proposed treatment is narrowly tailored to give substantive effect to the patient's liberty interest, taking into account all relevant circumstances, including the patient's best interest, the benefits to be gained from the treatment, the adverse side effects associated with the treatment and any less intrusive alternative treatments." Rivers, 67 N.Y.2d at 497-98. Other courts have determined that substantive due process dictates that psychotropic drugs be administered to an involuntarily committed patient over objection only where "(1) the patient is incompetent to make medical decisions, (2) the patient is dangerous to himself or others, and (3) the treatment is in the patient's medical interest." Graves, 2006 WL 3103293, at *4 (finding standards established by the Supreme Court

in Washington v. Harper for the forcible medication of prison inmates equally applicable to persons who are involuntarily committed).

It is not clear whether the state court order authorizing medication over objection in this case conforms to the constitutional requirements for finding such involuntary medication permissible. Accordingly, Meyers's § 1983 claim may proceed on the grounds of substantive due process.

## CONCLUSION

For the foregoing reasons, the Court orders the following. First, the Court affords Meyers thirty (30) days from the date of this Order to file a supplement to his petition for a writ of habeas corpus that indicates why his confinement is unlawful. If he does not file this supplement within the thirty (30) days afforded, the Court will dismiss the petition. In addition, Meyers's motions to re-open Meyers v. The Health and Hospitals Corp., 09-CV-1986 (CBA), and for an order allowing smoking in various venues in New York are both denied. 28 U.S.C. § 1915(e)(2)(B). The Court, furthermore, denies without prejudice Meyers's two motions for the appointment of counsel and his request for transfer to another hospital. The claim against the City of New York is also dismissed. 28 U.S.C. § 1915(e)(2)(B)(ii). No summons shall issue as to this defendant.

To the extent Meyers seeks to file a complaint under 42 U.S.C. § 1983 on the basis that defendants did not comply with the procedures necessary to medicate him over his objection in violation of procedural due process, the claim is dismissed for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). To the extent that Meyers alleges that the authorization of involuntary medication in his case did not meet the state standards for ensuring that the treatment gives "substantive effect" to his liberty interest, the complaint may proceed

against the remaining defendants. The Clerk of the Court is directed to issue a summons against these defendants, and the United States Marshals Service is directed to serve the Complaint, the Amended Complaint and this Order on defendants. This matter is referred to Magistrate Judge Lois Bloom for all pretrial matters.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
January 17, 2013

/S/ Chief Judge Amon
/Carol Bagley Amon /
Chief United States District Judge